# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RITA CASTRO AND LUIS E. CASTRO,** | CIVIL ACTION NO.: |
| **Plaintiffs,** | |
| **VERSUS** | SECTION: |
| **WILLIAM MORSE, MORSE DRYWALL, INC., AND TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA** | JUDGE: |
| **Defendants.** | MAGISTRATE: |

## **COMPLAINT**

This complaint of RITA CASTRO ("Mrs. Castro") AND LUIS E. CASTRO ("Mr. Castro"), persons of full age of majority and residents of and domiciled in Jefferson Parish, State of Louisiana, who with respect represent as follows:

1.

Made defendants herein are:

    A.    WILLIAM MORSE (hereinafter "Mr. Morse"), a person of full age of majority and a resident of and domiciled in Pryor, Oklahoma.

    B.    MORSE DRYWALL, INC. (hereinafter "Morse Drywall"), a foreign corporation, authorized to do and doing business in the State of Louisiana and/or a foreign corporation which has minimum contacts with the State of Louisiana as it has purposefully availed itself of the privilege of conducting activities within the State of Louisiana by putting its products into commerce in the State of Louisiana, thus invoking the benefits and protections of Louisiana's law and reasonably anticipating the possibility of being haled into court in Louisiana.

    C.    TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA (hereinafter "Travelers"), a foreign insurance company, authorized to do and doing business in the

State of Louisiana and/or a foreign insurance company which has minimum contacts with the State of Louisiana as it has purposefully availed itself of the privilege of conducting activities within the State of Louisiana by putting its products into commerce in the State of Louisiana, thus invoking the benefits and protections of Louisiana's law and reasonably anticipating the possibility of being haled into court in Louisiana.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Mrs. Castro and Mr. Castro are citizens of the State of Louisiana. Defendants, Mr. Morse and Morse Drywall, are citizens of the State of Oklahoma. Defendant, Travelers, is a citizen of the State of Connecticut.

3.

Venue is appropriate in the Eastern District of Louisiana under 28 U.S.C. § 1391(b)(2), because it is the judicial district where a substantial part of the events or omissions giving rise to this claim occurred. Specifically, the incident giving rise to this lawsuit occurred in Jefferson Parish, which is within the Eastern District of Louisiana.

4.

This court has personal jurisdiction over defendants by virtue of their operation of business activities within the State of Louisiana, establishing minimum contacts.

**FACTUAL ALLEGATIONS**

5.

Upon information and belief, on September 20, 2021, Mr. Morse was driving Morse Drywall's 2013 Chevrolet Silverado in the middle lane of the 1900 block of Interstate 10 westbound.

6.

On this same date, Mrs. Castro was driving her husband's, Mr. Castro, 2013 Toyota Sienna in the middle lane of the 1900 block of Interstate 10 westbound in front of the vehicle driven by Mr. Morse.

7.

On this same date, when Mrs. Castro's vehicle was stopped, Mrs. Castro's vehicle was rear-ended by the vehicle driven by Mr. Morse.

8.

Officer Alejandro Galvez, Kenner Police Department, investigated the collision and found Mr. Morse at fault for careless operation.

9.

Upon information and belief, that at all times material hereto, Mr. Morse was an employee of Morse Drywall acting within the course and scope of his employment, and consequently his conduct is attributable to Morse Drywall pursuant to the doctrine of *respondeat superior*, and Morse Drywall is legally responsible for Mr. Morse's actions.  In addition, Morse Drywall is liable to Mrs. Castro and Mr. Castro for its own failure to train Mr. Morse, and other acts of negligence to be proven at trial

10.

The above-described collision was solely caused by the negligence of Mr. Morse, more particularly described as follows:

    A.    Violation of Louisiana Revised Statute 32:58;

    B.    Operating his vehicle in a careless, reckless, and negligent manner;

    C.    Failing to see and/or observe what a reasonable driver could or should have seen;

    D.    Failing to maintain proper control of his vehicle;

    E.    Failing to operate his vehicle in a safe and/or prudent manner;

    F.    Failing to obey traffic laws of Jefferson Parish, Kenner Police Department, and/or State of Louisiana;

    G.    Failing to keep a proper lookout;

    H.    Failing to maintain a proper distance;

    I.    Failing to stop his vehicle to avoid a rear-end collision;

    J.    Causing a rear-end collision;

    K.    Acting with indifference towards the safety of others; and

    L.    Other acts of negligence which will be shown more fully at trial.

11.

Upon information and belief, at all times material hereto, Morse Drywall, as owner of the 2013 Chevrolet Silverado operated by Mr. Morse and/or as employer of Mr. Morse, maintained a policy of automobile liability insurance with Travelers, under which said policy covered the negligence of Mr. Morse and/or Morse Drywall, and specifically covers the damages complained of in this complaint, such that Mrs. Castro and Mr. Castro have a right of direct action against

Travelers as liability insurer of Mr. Morse and/or Morse Drywall pursuant to Louisiana Revised Statute 22:1269.

12.

As a direct and proximate cause of the negligence of Mr. Morse and/or Morse Drywall, Mrs. Castro suffered multiple, and/or serious/severe personal injuries to her skeletal, musculatory and/or nervous system, including but not limited to her lumbar, requiring her to seek/incur extensive medical treatment and costs.

13.

Mrs. Castro is entitled to recover damages including but not limited to the following: past, present, and future: medical expenses; physical pain and suffering; mental anguish and emotional distress; loss of enjoyment of life; loss of earnings and wages and/or earning capacity; disability; permanent injury; and all other general and equitable relief as the court may determine appropriate.

14.

As a direct and proximate cause of the negligence of Mr. Morse and/or Morse Drywall, Mr. Castro sustained property damages.

15.

Mr. Castro is entitled to recover damages including but not limited to the following: vehicle property damages; towing costs or expenses; storage fees and charges; automobile rental and loss of use of vehicle; loss of vehicle value and/or depreciation; and loss of consortium, loss of society, loss of service.

**WHEREFORE**, the petitioners pray that the defendants, WILLIAM MORSE, MORSE DRYWALL, INC., and TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, be duly served and cited to appear and answer this Complaint, and that after due proceedings are

had there be judgment rendered herein in favor of RITA CASTRO and LUIS E. CASTRO and against the defendants, WILLIAM MORSE, MORSE DRYWALL, INC., and TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, jointly, severally and *in solido*, in an amount as it may be reasonable on the premises and/or sufficient to adequately compensate Plaintiffs for their damages, together with legal interest thereon from date of judicial demand until paid, and for all costs of this suit, and for all general and equitable relief deemed proper by this Honorable Court.

**Respectfully Submitted:**

**BRUNO & BRUNO, LLP**


*/s/ Joseph M. Bruno*
Joseph M. Bruno (La. Bar No. 3604)
Donald D. Reichert, Jr. (La. Bar No. 33328)
855 Baronne Street
New Orleans, LA 70115
Telephone: (504)-525-1335
Facsimile: (504)-561-6775
jbruno@brunobrunolaw.com
don@brunobrunolaw.com

LILIANA L. STEPHENS, ESQ.
2001 Veterans Blvd. Ste. # 102
Kenner, Louisiana 70062
Ph. # (504) 712-4747
Fx. # (504) 285-9959
LA. BAR NO: 30074
lilianalstephens@bellsouth.net

*Counsel for Plaintiffs*